| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF Charleston | ) | |
| Mark Fultz | ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) | ) | 2019-CP-10-2888 |
| vs. | ) | |
| Kings Charles Ass Limt Pull | ) | |
| Defendant(s) | ) | |

Submitted By: Anthony J Brady Jr
Address: 1676-19 Springdale Dr
PMB 155
Camden, SC 29060

SC Bar #: 15506
Telephone #: 561-601-6387
Fax #:
Other:
E-mail: ajbrady@gmail.com

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing cases that are NOT E-Filed. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint. This form is NOT required to be filed in E-Filed Cases.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☐ JURY TRIAL demanded in complaint.   ☑ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☑ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

Filed 2019 MAY 31 PM — JULIE J ARMSTRONG CLERK OF COURT

## NATURE OF ACTION (Check One Box Below)

**Contracts**
☑ Constructions (100)
☐ Debt Collection (110)
☐ General (130)
☐ Breach of Contract (140)
☐ Fraud/Bad Faith (150)
☐ Failure to Deliver/Warranty (160)
☐ Employment Discrim (170)
☐ Employment (180)
☐ Other (199)

**Torts - Professional Malpractice**
☐ Dental Malpractice (200)
☐ Legal Malpractice (210)
☐ Medical Malpractice (220)
Previous Notice of Intent Case # 20___-NI-___
☐ Notice/ File Med Mal (230)
☐ Other (299)

**Torts – Personal Injury**
☐ Conversion (310)
☐ Motor Vehicle Accident (320)
☐ Premises Liability (330)
☐ Products Liability (340)
☐ Personal Injury (350)
☐ Wrongful Death (360)
☐ Assault/Battery (370)
☐ Slander/Libel (380)
☐ Other (399)

**Real Property**
☑ Claim & Delivery (400)
☑ Condemnation (410)
☑ Foreclosure (420)
☐ Mechanic's Lien (430)
☐ Partition (440)
☐ Possession (450)
☐ Building Code Violation (460)
☐ Other (499)

**Inmate Petitions**
☐ PCR (500)
☐ Mandamus (520)
☐ Habeas Corpus (530)
☐ Other (599)

**Administrative Law/Relief**
☐ Reinstate Drv. License (800)
☐ Judicial Review (810)
☐ Relief (820)
☐ Permanent Injunction (830)
☐ Forfeiture-Petition (840)
☐ Forfeiture—Consent Order (850)
☐ Other (899)

**Judgments/Settlements**
☐ Death Settlement (700)
☐ Foreign Judgment (710)
☐ Magistrate's Judgment (720)
☐ Minor Settlement (730)
☐ Transcript Judgment (740)
☐ Lis Pendens (750)
☐ Transfer of Structured Settlement Payment Rights Application (760)
☐ Confession of Judgment (770)
☐ Petition for Workers Compensation Settlement Approval (780)
☐ Incapacitated Adult Settlement (790)
☐ Other (799)

**Appeals**
☐ Arbitration (900)
☐ Magistrate-Civil (910)
☐ Magistrate-Criminal (920)
☐ Municipal (930)
☐ Probate Court (940)
☐ SCDOT (950)
☐ Worker's Comp (960)
☐ Zoning Board (970)
☐ Public Service Comm. (990)
☐ Employment Security Comm (991)
☐ Other (999)

**Special/Complex /Other**
☐ Environmental (600)
☐ Automobile Arb. (610)
☐ Medical (620)
☐ Other (699) ___
☐ Sexual Predator (510)
☐ Permanent Restraining Order (680)
☐ Interpleader (690)
☐ Pharmaceuticals (630)
☐ Unfair Trade Practices (640)
☐ Out-of State Depositions (650)
☐ Motion to Quash Subpoena in an Out-of-County Action (660)
☐ Pre-Suit Discovery (670)

**Submitting Party Signature:** _[signature]_   **Date:** 5/30/19

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (02/2018)                                                                                               Page 1 of 2

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF CHARLESTON | ) | 9TH JUDICIAL CIRCUIT |
| | ) | 2019-CP-10-2888 |

| | | |
|---|---|---|
| MARK FULTZ | ) | |
| Plaintiff, | ) | FILE NO. |
| vs. | ) | |
| King Charles Associates Limited Partnership | ) | **SUMMONS** |
| Defendant(s). | ) | |

*FILED 2019 MAY 31 PM 1:08 BY JULIE J. ARMSTRONG CLERK OF COURT*

**TO THE DEFENDANT ABOVE-NAMED:**

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Camden, South Carolina

Dated: May 28, 2019,

S/Anthony Brady
_____
Plaintiff/Attorney for Plaintiff

Address:  Anthony J. Brady Jr.
1670-9 Springdale Drive
PMB 159
Camden, South Carolina 29020
561-603-8387
Email: Ladbrady@gmail.om
Attorney ID. 15506

| STATE OF SOUTH CAROLINA | ) | THE COURT OF COMMON PLEAS |
|---|---|---|
| | ) | |
| | ) | 9TH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON | ) | 2019-CP-10-2888 |
| | | |
| MARK FULTZ | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | Civil Action |
| vs. | ) | |
| | ) | |
| King Charles Associates Limited Partnership | ) | COMPLAINT |
| | ) | |
| Defendant(s). | ) | |

FILED 2019 MAY 31 PM 1:08 JULIE J. ARMSTRONG CLERK OF COURT

Plaintiff, Mark Fultz residing at Apt. 106, NW Avenue, Margate, Florida. by way of complaint against the Defendant states:

1. This Honorable Court has jurisdiction in that it is a Court of general jurisdiction and The Plaintiff has alleged a violation of federal law Title III of the Americans With Disabilities Act, 42 U.S.C. § 12101, et seq. Plaintiffs' claim is greater than $15,000.00 and venue is Proper in Charleston County because the cause of action arose in Charleston County and that the Defendant resides in Charleston County.

### PARTIES

2. Plaintiff, Mark Fultz resides at Apt 106, 231 NW. 76 Avenue, Margate, Florida. He is a disabled man because of a stroke. As a result he cannot walk without an cane or a wheelchair. Fultz qualifies as an individual with disabilities as defined by the federal Americans with Disabilities Act (ADA).

3. The defendants own, lease, leases to, or operates a place of public accommodation as defined by the ADA .The property that is the subject of this suit is a hotel commonly called

The King Charles Inn whose address is 237 Meeting Street, Charleston, South Carolina.

## STATEMENT OF THE CASE.

It would be wise to review the purposes of the access laws. First, the laws are about opportunity; as former Speaker of the House Gingrich has stated, "Mr. Chairman, throughout our history, our disabled citizens have not been provided the opportunity to participate in all phases of society. Designed to provide 43,000,000 Americans with enhanced opportunities, this bill, then, embodies the conservative idea of opportunity." 136 Cong. Rec. H2631 (daily ed. May 22, 1990) (Statement of Rep. Gingrich).

Second, the law is about the economic wellbeing of America. As former Attorney General Thornburgh testified, "We must recognize that passing comprehensive civil rights legislation protecting persons with disabilities will have direct and tangible benefits for our country. Certainly,…the mainstreaming of persons with disabilities will result…in more persons with disabilities working, in increasing earnings, in less dependence on the Social Security System for financial support, in increased spending on consumer goods, and increased tax revenues." Testimony before House Committee on Civil and Constitutional Rights, Ser No. 101-58, Oct. 11, 1989, p. 811.

Third, the law is to end segregation. As Senator Kennedy stated, "The Americans With Disabilities Act will end this American apartheid. It will roll back the unthinking and unacceptable practices by which disabled Americans today are segregated, excluded, and fenced off

from fair participation in our society by mindless biased attitudes and senseless physical barriers.

35 Cong. Rec. 54993 (daily ed. May 09, 1989) (Statement of Sen. Kennedy).

It is respectfully submitted that Senator Dole's opinion that the access laws are about dignity,

"Living independently and with dignity means opportunity to participate fully in every

activity of daily life136 Cong. Rec. S9695 (daily ed. July 13, 1990) (Statement of Sen. Dole).

> privileges of any place of public accommodation. The New Jersey Supreme Court's construction of the statutory definition of a "place of public accommodation" has given its statute a more expansive coverage than most state statutes. In its "exercise of this high power" today, the Court does not accord this "courageous state" the respect it is due. Boy Scouts of America v. Dale, 530 U.S. 640, 663-664 (2000).

Plaintiff seek an award of injunctive relief attorney fees and costs as a private attorney general. The Courts have explained the role of private enforcement of the access laws The 9th Circuit explained, "For the ADA to yield its promise of equal access for the disabled it May be indeed necessary and desirable for committed individuals to bring serial litigation advocating the time when public accommodations will be compliant with the ADA", D'Lil v. Best Western Encino-Lodge & Suites, 538 F.3d 1031 (9th Cir. 2008).

In Walker v. Guiffre, 200 N.J. 124, 156 (2012) in awarding an enhancement in a state case held, "Her obligation served not her sole interests, but the interests of any and all who had been or who might otherwise in the future have been denied access to the premises. The relief sought, both because it was equitable in nature and because it was designed to serve a broad social purpose weighs in favor of a continuous enhancement at the highest end of the spectrum."

## FIRST COUNT

4.   Plaintiff is a frequent traveler to Charleston, South Carolina because his family resides in the Charleston area.

5.      On March 1, 2019 Fultz  was interested in being a guest at the Defendants hotel for a Family visit in November 2019 and beyond,. .He visited the computer web site to determine whether Defendant had accessibility to accommodate his needs. The web site offered inadequate information in regard to accessible features. 28 CFR sec 36.302(e)(1) which requires that a place of public hotel "[i]dentify and describe accessible features in enough detail to permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her needs.

6., Plaintiff visited the website for the purpose of reviewing and assessing the accessible features at the Property and ascertain whether they meet the requirements of 28 C.F.R. Section 36.302(e) and his accessibility needs. However, Plaintiff was unable to do so because Defendant failed to comply with the requirements set forth in 28 C.F.R. Section 36.302(e). As a result, Plaintiff was deprived the same goods, services, features, facilities, benefits, advantages, and accommodations of the Property available to the general public. Specifically, the website references to a room labeled " ADA TRADITIONAL – TWO DOUNLE BEDROOM .but no information was given as to what makes this room ADA accessible other than the statement . No information was given as to whether or where it offers compliant/accessible roll-in showers, tubs, built in seating, commodes, grab bars, sinks, wrapped pipes, sink and door hardware, properly located amenities, sufficient maneuvering spaces, compliant doors, furniture, controls and operating mechanisms. The website does not contain any information as to whether all goods, facilities and services at the property are connected by a compliant accessible route, nor does the website contain any information as to the accessibility of routes connecting all the features of the hotel, the transaction counter, parking, and common area restrooms. The website does not give any information as to whether accessible rooms are on the ground floor or if an elevator is provided within an accessible route. Nor does the website give any information regarding the pool/pools having an accessible

11. Prior to filing suit Fultz request Advocates For Disabled Americans a national disability righrs non profit corporation to review the property to review the property which confirmed it did not have an accessible route or parking.

12. The plaintiff intends to be a frequent patron of defendants, when it complies with the ADA.

13. He will also return as a tester.

15. Plaintiff seeks equitable relief in that to create access is readily achievable if the above Violations are pre-existing construction.

16. Plaintiff reserves the right to file administrative remedies for damages under South Carolina law.

Wherefore, plaintiff Fultz seeks:

a) Injunctive relief under the ADA.

b) Attorney fees and costs of suit under the ADA.

Date: May 28, 2019,        By:   s/Anthony J. Brady, Jr.
                                 ANTHONY J. BRADY, JR, ESQUIRE
                                 South Carolina Bar No.15506
                                 Law Office of Anthony Brady, Jr.
                                 1670-9 Springdale Drive
                                 PMB 159
                                 Camden, South Carolina 29020
                                 Email: ladbrady@gmail.com
                                 5616036387